UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRUCE PERLOWIN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>NIMAI HEMPHILL, an individual; BIANCA VON JUDY, an individual; DOES I through X, inclusive; and ROE ENTITIES XI through M, inclusive,<br><br>Defendants. | Case No. 2:15-cv-01113-APG-PAL<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST NIMAI HEMPHILL**<br><br>(ECF No. 11) |

Plaintiff Bruce Perlowin entered into a contract with defendants Nimai Hemphill and Bianca Von Judy wherein the defendants were to perform various tasks, including construction. Perlowin advanced funds to the defendants to purchase materials for that work. The defendants breached that contract by, among other things, failing to perform the agreed-upon tasks, retaining Perlowin's funds without supplying the work and materials, and taking valuable possessions belonging to Perlowin.

Perlowin filed suit on June 11, 2015. Hemphill was served on June 30, 2015. ECF No. 7. However, Hemphill has not appeared or otherwise responded to Perlowin's complaint. The Clerk of Court entered default against Hemphill on August 5, 2015. ECF No. 10. Perlowin now moves for a default judgment against Hemphill. ECF No. 11. I grant the motion in part.

I.   **LEGAL STANDARD**

Obtaining a default judgment under Federal Rule of Civil Procedure 55 is a two-step process. *See Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P.

55(a). Then, after the clerk enters default, a party must seek entry of default judgment under Rule 55(b).

Upon entry of default, I take as true the factual allegations in the non-defaulting party's complaint, except those related to the amount of damages. Fed. R. Civ. P. 8(b)(6); *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (quotation omitted). Nonetheless, "[e]ntry of default does not entitle the non-defaulting party to a default judgment as a matter of right." *Warner Bros. Entm't Inc. v. Caridi*, 346 F. Supp. 2d 1068, 1071 (C.D. Cal. 2004) (citation omitted). The "general rule [is] that default judgments are ordinarily disfavored. Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472 (citing *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985)). Whether a default judgment will be granted is within the district court's discretion. *Id.*

I consider the following factors in determining whether to grant a default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Id.* at 1471–72.

## II.   ANALYSIS

### 1. Default Judgment

Perlowin has satisfied the procedural requirements for default judgment. Pursuant to Rule 55(a), the clerk properly entered a default against Hemphill. ECF No. 10. Because Hemphill has neither answered nor otherwise responded to the complaint, the notice requirement of Rule 55(b)(2) is not implicated. Thus, there is no procedural impediment to entering a default judgment.

Turning next to the *Eitel* factors, the first factor considers whether Perlowin will suffer prejudice if a default judgment is not entered. *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002); *Next Gaming, LLC v. Glob. Gaming Grp., Inc.*, No. 2:14-CV-

00071-MMD-CWH, 2016 WL 3750651, at *3 (D. Nev. July 13, 2016).  In this case, the clerk entered default against Hemphill for her failure to file a responsive pleading or answer the complaint and defend the lawsuit.  ECF No. 10.  As a result, Perlowin will suffer prejudice if default judgment is not entered as he will have no other means to litigate his claims.  *See PepsiCo, Inc.*, 238 F. Supp. 2d at 1177 ("Potential prejudice to Plaintiffs favors granting a default judgment.  If Plaintiffs' motion for default judgment is not granted, Plaintiffs will likely be without other recourse for recovery.").  Thus, this factor weighs in favor of an entry of default judgment.

The second and third *Eitel* factors favor a default judgment when the "plaintiff state[s] a claim on which the plaintiff may recover." *Danning v. Lavine*, 572 F.2d 1386, 1389 (9th Cir. 1978); *see also* Fed. R. Civ. P. 8.  Perlowin's complaint is well pleaded in that it adequately states breaches of the terms of the contract.  A "plaintiff in a breach of contract claim must show (1) the existence of a valid contract, (2) a breach by the defendant, and (3) damage as a result of the breach." *Saini v. Int'l Game Tech.*, 434 F. Supp. 2d 913, 919-20 (D. Nev. 2006).  Perlowin's complaint and motion describe the contract, Hemphill's breaches, and the resulting damages. ECF Nos. 1, 11.  Thus, the second and third *Eitel* factors weigh in favor of an entry of default judgment.

In assessing the fourth *Eitel* factor, I consider "the amount of money requested in relation to the seriousness of the defendant's conduct, whether large sums of money are involved, and whether 'the recovery sought is proportional to the harm caused by [the] defendant's conduct.'" *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1212 (W.D. Wash. 2014) (quoting *Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 921 (N.D. Cal. 2010)); *PepsiCo., Inc.*, 238 F. Supp. 2d at 1176.  Perlowin seeks $461,489.45.  He bases that amount on the checks he wrote to Hemphill. ECF No. 11 at 4-6.  Perlowin's damages appear to be reasonable and proportionate to the harm suffered, and therefore the fourth *Eitel* factor weighs in favor of default judgment.

The fifth *Eitel* factor weighs the possibility of a dispute regarding any material facts in the case. *PepsiCo., Inc.*, 238 F. Supp. 2d at 1177. "Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages." *Id.* (citation omitted). There is little possibility of a dispute concerning material facts given both the well-pleaded complaint and the evidence Perlowin presented to support his allegations. *See Landstar Ranger, Inc. v. Parth Enter., Inc.*, 725 F. Supp. 2d 916, 921-22 (N.D. Cal. 2010) ("Since [plaintiff] has supported its claims with ample evidence, and defendant has made no attempt to challenge the accuracy of the allegations in the complaint, no factual disputes exist that preclude the entry of default judgment."). Additionally, given Hemphill's failure to answer, no dispute has been raised regarding material elements in the complaint. Thus, the fifth *Eitel* factor weighs in favor of an entry of default judgment.

The sixth *Eitel* factor considers whether the defendant's default is due to excusable neglect. *PepsiCo., Inc.*, 238 F. Supp. 2d at 1177. In the instant case, Perlowin properly served Hemphill with the summons and the complaint but Hemphill failed to respond. The Clerk of Court entered default on August 5, 2015, and Hemphill still has not appeared in this case. There is no evidence before me that Hemphill's failure to respond is due to excusable neglect. *United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (per curiam) (holding that it was "perfectly appropriate" for the district court to enter default judgment against a corporation that failed to appear in the action). Given the time period during which Hemphill had notice of the action against it and in which it failed to answer or otherwise respond to the complaint, it is unlikely that she failed to respond due to excusable neglect. *See Produce All., LLC v. Lombardo Imports, Inc.*, No. 2:12-CV-00433-MMD-CWH, 2013 WL 129428, at *4 (D. Nev. Jan. 9, 2013) (concluding that defendants' failure to respond was likely not from excusable neglect where defendants received service nearly two months before the clerk's entry of default). Thus, the sixth *Eitel* factor weighs in favor of an entry of default judgment.

Finally, the seventh *Eitel* factor takes into account the policy favoring a decision on the merits. "Cases should be decided on their merits whenever reasonably possible." *Eitel*, 782 F.2d

at 1472. However, Hemphill's failure to respond to the complaint "makes a decision on the merits impractical, if not impossible." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177. Thus, while this final *Eitel* factor always weighs against an entry of default judgment, it does not preclude me from entering a default judgment. While a decision on the merits is desirable, Hemphill has abandoned her defense, failed to file a responsive pleading or answer the complaint, and failed to defend the lawsuit. Under these circumstances, default judgment in favor Perlowin and against Hemphill is warranted.

### 2. Attorney's Fees and Costs

Perlowin's motion for default judgment requests "reasonable attorney fees" and "costs of suit," but it does not specify any amount or provide any supporting documentation that would enable me to calculate such amounts. Moreover, attorney's fees are usually not recoverable absent a contractual or statutory provision expressly allowing them. Thus, at this time I cannot award Perlowin attorneys' fees.

With regard to costs, Federal Rule of Civil Procedure 54(d) contains two separate provisions for costs. To request taxable costs, the prevailing party must file a bill of costs with the clerk. LR 54-1. Taxable costs are taxed by the clerk rather than the Court. Fed. R. Civ. P. 54(d)(1); LR 54-1. The categories of taxable costs are circumscribed by 28 U.S.C. § 1920. *See also* LR 54-1. For example, filing fees and service of process expenses are taxable costs. *See* 28 U.S.C. § 1920(1).

By contrast, nontaxable costs are recoverable on a motion to the court. Fed. R. Civ. P. 54(d)(2) ("claim for attorney's fees and related nontaxable expenses"); *see also* LR 54-16(b)(2) (a motion for attorney's fees must include "[a]n itemization of all costs sought to be charged as part of the fee award and not otherwise taxable pursuant to LR 54-1 through 54-15"). For example, copy, postage, travel, research, and Pacer expenses are nontaxable costs. Thus, I cannot grant Perlowin's request for costs at this time.

////

////

### III. CONCLUSION

IT IS THEREFORE ORDERED that plaintiff Bruce Perlowin's motion for default judgment **(ECF No. 11) is GRANTED in part**. The clerk of the court is directed to enter default judgment in favor of plaintiff Bruce Perlowin and against defendant Nimai Hemphill in the amount of $461,489.45.

DATED this 9th day of September, 2016.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE